**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JAMES MULLINS, JR.**                                                                   **PLAINTIFF**

vs.                                    **5:08-CV-00002-WRW**

**JEFFERSON PILOT FINANCIAL**
**INSURANCE COMPANY**                                                      **DEFENDANTS**

**ORDER**

Pending are the parties cross-Motions for Summary Judgment (Doc. Nos. 12, 15). Each party has responded to the other's motion.[1] Plaintiff asserts that Defendant breached its fiduciary duty when it denied Plaintiff's LTD claims. According to Plaintiff, the denial was based on Defendant's improper determination of eligibility dates, mischaracterization of Plaintiff's injuries, and incorrect interpretation of policy language.[2] For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary is DENIED.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

---

[1]Doc. Nos. 18, 19.

[2]Doc. No. 18.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] This court must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II.  BACKGROUND[10]

Plaintiff was hired on February 5, 2004, and submitted the Voluntary Benefits Program Enrollment Form on March 1, 2004.[11] On May 12, 2004, Plaintiff "fell off the top of a column . .

---

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. M.K.-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. No. 8 is the Administrative Record ("AR"). References to the Administrative Record in this Order will be identified based on the page number in the AR, *e.g.*, AR 00020.

[11]Doc. Nos. 13, 17.

. [and] suffered a complex fracture of his right leg."[12] On July 1, 2004, Plaintiff was "released for desk duties wearing a fracture boot."[13] Over the next year, several other procedures were performed on Plaintiff's right leg.[14] On March 6, 2006, Plaintiff applied for LTD benefits, because, according to Plaintiff, he was unable to fully recover from the injury and "became disabled from his job."[15] On April 12, 2007, Plaintiff was denied LTD benefits based on the Pre-Existing Condition exclusion.[16]

Plaintiff asserts that he became "an eligible participant in the Plan, on or before March 1, 2005," which would prevent Defendant from relying on the Pre-Existing Condition exclusion, and denying benefits.[17]

### III.  DISCUSSION

As Plaintiff points out, the central issue in this case is whether the Pre-Existing Condition exclusion was properly applied to his situation.[18]

The Policy's "Pre-Existing Condition Exclusions" reads:

This policy will not cover any Total or Partial Disability:
1. which is caused or contributed to by, or results from a Pre-Existing Condition; and
2. which begins in the first 12 months after the Insured Employee's Effective Date.

---

[12] Doc. No. 13.

[13] AR 00220.

[14] See AR 00101 (Nov. 23, 2004 -- screw removed from right tibia); AR 00099 (March 22, 2005 -- right tibia osteotomy and hardware removed); AR 00159 (June 1, 2005 -- removed hardware and debrided infected right tibia).

[15] Doc. No. 2.

[16] AR 00050.

[17] Doc. No. 13.

[18] Doc. No. 18.

3

"Pre-Existing Condition" means a Sickness or Injury:
1. that manifests itself in such a manner as would cause an ordinarily prudent person to seek medical advice, diagnosis, care or treatment; or
2. for which medical advice, diagnosis, care or treatment was recommended or received; during the 3 months prior to the Insured Employee's Effective Date."[19]

Based on this definition, knowing the "Effective Date" is essential to determining whether the Pre-Existing Condition exclusion applies. According to the Policy "coverage for an Employee becomes effective at 12:01 a.m. on . . . the first day of the Insurance Month coinciding with or next following the date the Employee becomes eligible for coverage";[20] this is the "Effective Date."

The Policy sets out that an employee becomes eligible for coverage on the date he satisfies the Waiting Period.[21] The Waiting Period, which requires "90 days of continuous Active Work,"[22] is "the period of time that begins with an Employee's most recent date of employment with the Employer and ends on the day prior to the day such Employee is eligible for coverage under this policy."[23]

Plaintiff's "90 days of continuous Active Work" began on February 5, 2004, when he was hired, and the 90-day period ended on May 5, 2004. Since Plaintiff became <u>eligible</u> on May 5, 2004, the coverage became <u>effective</u> at 12:01 a.m., on June 1, 2004 -- "the first day of the

---

[19]AR 00037.

[20]AR 00027. Although the Policy lists other possible triggers for determining the "Effective Date," the one quoted above is the only one relevant to this case.

[21]AR 00027. Specifically, the Plan states that an Employee becomes eligible for coverage either on the Policy's effective date or the date the Employee satisfies the Waiting Period -- whichever is later. It is undisputed that since the Policy's effective date was June 1, 1999, the "date the Employee satisfies the Waiting Period" is applicable here.

[22]AR 00016.

[23]AR 00022.

Insurance Month coinciding with or next following the date the Employee becomes eligible for coverage."[24]

Plaintiff was injured on May 12, 2004, and received treatment for this injury. The Policy clearly states that a "Pre-Existing Condition" is an injury for which medical care or treatment was received during the "3 months before the Insured Employee's Effective Date."[25] Since Plaintiff's "Effective Date" was June 1, 2004, and he was injured and treated on May 12, 2004, the injury and treatment occurred within the three months before the effective date, and, therefore, qualify as a "Pre-Existing Condition" under the terms of the Policy.

Since the Policy explicitly states that it will not cover disabilities from pre-existing injuries, and Plaintiff's injury, under the terms of the Policy, are a Pre-Existing Injury, Defendant's decision to deny LTD benefits was not in error.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary is DENIED.

IT IS SO ORDERED this 21st day of August, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[24] AR 00027.

[25] AR 00037.